UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
GUADALUPE MARIA S.,

                        Plaintiff,        DECISION AND ORDER
                                            1:22-CV-09489-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In October of 2020, Plaintiff Guadalupe Maria S.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Pasternack, Tilker, Ziegler, Walsh, Stanton & Roman, LLP, J. Anklowitz, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12).

This case was referred to the undersigned on December 6, 2023. Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 13, 15). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on October 30, 2020, alleging disability beginning February 15, 2009. (T at 18).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on November 5, 2021, before ALJ Sharda Singh. (T at 34-54). Plaintiff appeared with an attorney and testified. (T at 39-49). The ALJ also received testimony from James Soldner, a vocational expert. (T at 49-52).

### B. ALJ's Decision

On December 6, 2021, the ALJ issued a decision denying the application for benefits. (T at 12-33).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 30, 2020, the date she applied for benefits. (T at 20).  The ALJ concluded that Plaintiff's anxiety and depressive disorder were severe impairments as defined under the Social Security Act. (T at 20).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 9.

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 22).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, as defined in 20 CFR § 416.967(c), with the following non-exertional limitations: she can perform simple, routine, repetitive tasks; with no contact with co-workers or the public and only superficial contact with supervisors in a low stress environment. (T at 24). The ALJ further found Plaintiff capable of occasional decision-making judgment and adapting to customary changes in a work setting. (T at 24).

The ALJ noted that Plaintiff had no past relevant work. (T at 28).

Considering Plaintiff's age (28 on the application date), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between October 30, 2020 (the application date) and December 6, 2021 (the date of the ALJ's decision). (T at 29). On

September 1, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-8).

    C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 7, 2022. (Docket No. 1). On March 17, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 13,14). The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on May 15, 2023. (Docket Nos. 15, 16).

## II. APPLICABLE LAW

    A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g).  "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

   B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision.  Plaintiff contends that the ALJ erred in assessing the medical opinion evidence, which undermined the RFC determination with respect to both her exertional and non-exertional limitations.  This Court will address each aspect of this challenge in turn.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017.

*See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).  The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations

8

presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

    A.    *Exertional Limitations*

Dr. Michael Healy performed a consultative examination in May of 2021.  He diagnosed lower back pain, probable lumbar spinal intervertebral disc disruption or other degenerative condition, and right shoulder pain from clinical rotator cuff injury. (T at 637).  Dr. Healy assessed mild to moderate limitation with respect to Plaintiff's ability to stand, walk, bend, and climb stairs. (T at 637).

The ALJ recognized Plaintiff's shoulder pain, obesity, and back impairment as medically determinable impairments, but concluded that these impairments were not "severe" impairments as defined under the Social Security Act. (T at 21).  In reaching this conclusion, the ALJ found Dr. Healy's opinion "mostly persuasive" and found that Plaintiff retained the ability to perform the exertional demands of medium work, as defined in 20 CFR §416.967 (c). (T at 21-22).

For the following reasons the Court finds no reversible error in this aspect of the ALJ's decision.

First, to the extent the ALJ should have found Plaintiff's physical impairments to be severe, any such arguable error was harmless. The ALJ clearly considered Plaintiff's physical impairments throughout the sequential analysis and limited her to medium work. (T at 21, 24). *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013)("Because these conditions were considered during the subsequent steps, any error was harmless.")(citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir.2010) (finding harmless error because ALJ's consideration of a doctor's report would not have changed the overall adverse determination)).

Second, although there is caselaw supporting the conclusion that moderate limitations in exertional activities are inconsistent with the demands of medium work, *see, e.g., Avila v. Comm'r of Soc. Sec. Admin.*, No. 20CV1360 (ER) (DF), 2021 WL 3774317, at *20 (S.D.N.Y. Aug. 9, 2021), *report and recommendation adopted*, No. 20CIV1360ERDCF, 2021 WL 3774188 (S.D.N.Y. Aug. 25, 2021), such a finding can be sustained where it is supported by substantial evidence in the record. *See, e.g., Michael T. v. Comm'r of Soc. Sec.*, No. 20-CV-1542MWP, 2022 WL 3927886, at *4 (W.D.N.Y. Aug. 31, 2022).

Here, the ALJ's conclusion is supported by a reasonable reading of the record, including Dr. Healy's opinion. Dr. Healy described Plaintiff as

demonstrating normal gait and stance, intact ability to walk on heels and toes, and no muscle atrophy. (T at 636-37). He characterized Plaintiff's prognosis as "good" and assessed "*mild* to moderate limitations…." (T at 637)(emphasis added). The ALJ pointed to treatment notes documenting full range of motion and imaging studies revealing no abnormalities. (T at 21-22, 641, 668, 701). Dr. S. Stradley, a non-examining State Agency review physician, reviewed the treatment record and imaging studies and concluded that Plaintiff's physical impairments caused not more than a mild limitation in her functioning. (T at 84-85).

This is sufficient to sustain the ALJ's decision under the deferential standard of review applicable here. *See Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

B. *Non-Exertional Limitations*

Dr. Clementina Porcelli performed a consultative psychiatric evaluation in March of 2021. She diagnosed major depressive disorder (recurrent, moderate); generalized anxiety disorder, and panic attacks. (T at 532).

Dr. Porcelli opined that Plaintiff could understand, remember, and apply simple directions and instructions without limitation, but would likely have moderate impairment in understanding, remembering, and applying complex directions and instruction and with respect to using reason and judgment to make work-related decisions. (T at 531).

Dr. Porcelli assessed moderate to marked limitation in Plaintiff's ability to interact adequately with supervisors, co-workers, and the public; moderate impairment in sustaining concentration and performing tasks at a consistent pace; and moderate limitation sustaining a regular routine and attendance. (T at 531-32).

Dr. Porcelli further concluded that Plaintiff had moderate to marked limitation in regulating emotions, controlling behavior, and maintaining well-being, along with mild impairment as to maintaining personal hygiene and appropriate attire. (T at 532).

Ms. Makeda Woods-Deans, LMSW, completed an assessment of ability to do work-related activities (mental) form in October of 2021. Ms. Woods-Deans, a treating social worker, opined that Plaintiff had "good" ability to follow work rules, use judgment, and interact with supervisors; "fair" ability to function independently and maintain attention and

concentration; but rated as "poor or none" Plaintiff's capacity to relate to co-workers, deal with the public, and deal with work stresses. (T at 711).

Ms. Woods-Deans reported that Plaintiff has panic attacks in social settings and has "fair" ability to understand, remember, and carry out job instructions. (T at 712). She also opined that Plaintiff had "fair" ability to behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. (T at 712).

The ALJ found the opinions of Dr. Porcelli and Ms. Woods-Deans "somewhat persuasive" and concluded that Plaintiff retained the RFC to perform work with a significant set of non-exertional limitations. (T at 27). The ALJ's assessment is consistent with applicable law and supported by substantial evidence. Here's why.

First, the ALJ recognized the wax and wane of mental health symptoms, but reasonably read the treatment record as inconsistent with disabling psychiatric symptoms. (T at 25-26).

While the record documents on-going depression and anxiety, the record also reflects that Plaintiff was consistently able to attend appointments and presented as well-groomed and cooperative, with intact thought process, thought content, memory, cognition, abstraction, judgment, insight, and reliability. (T at 25, 27, 405, 408, 412, 420-21, 534,

643, 645, 650, 654-55, 662, 666, 671-73, 675-76, 678-79, 681-82, 685-86, 688-89, 691-92, 695-96).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during relatively brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Second, the ALJ's reconciliation of the evidence concerning Plaintiff's mental impairments is supported by the opinions of Dr. Bhutwala and Dr. Blackwell, non-examining State Agency review physicians, who opined that Plaintiff could perform unskilled work with limited close contact with others.

(T at 26-27, 69-72, 89-93). *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'")(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)).

Notably, the ALJ did not dismiss the evidence of psychiatric impairment, but largely credited it and incorporated significant limitations into the RFC determination.

To the extent the record documents impairment in Plaintiff's ability to self-regulate, adapt to changes, respond to stress, demonstrate reliability, function in social situations, and maintain attendance, the ALJ adequately accounted for these impairments by limiting Plaintiff to work involving simple, routine, repetitive tasks in a low stress environment; requiring no contact with co-workers and the public and no more that superficial contact with supervisors; and demanding no more than occasional decision-making, judgment, and customary changes. (T at 24).  *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others);

*see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct. 19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021).

For these reasons, the ALJ's assessment is more than sufficient to sustain the ALJ's decision under the deferential standard of review applicable here.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: December 18, 2023         *s/ Gary R. Jones*
                                 GARY R. JONES
                                 United States Magistrate Judge